INVESTMENT COMPANY INSTITUTE, Plaintiff,

v.

Eugene A. LUDWIG, as Comptroller of the Currency, and the Office of the Comptroller of the Currency, Defendants.

Civ. A. No. 87–1093 (TPJ).

United States District Court, District of Columbia.

Jan. 23, 1995.

David Michael Miles, Sidley & Austin, Harvey L. Pitt, Fried, Frank, Harris, Shriver & Jacobson, Washington, DC, for Investment Co. Institute.

Veronica Gail Kayne, King & Spalding, Baldwin Betts Tuttle, Milbank, Tweed, Hadley & McCloy, Washington, DC, for Chase Manhattan Bank, N.A.

Theodore C. Hirt, U.S. Dept. of Justice, Civ. Div., Catherine J. Lanctot, U.S. Dept. of Justice, Office of Information & Privacy, Washington, DC, Joanne Susan Marchetta, U.S. Environmental Protection Agency, San Francisco, CA, for Robert L. Clarke, As Comptroller of the Currency.

Theodore C. Hirt, Patricia Russotto, U.S. Dept. of Justice, Civ. Div., Catherine J. Lanctot, U.S. Dept. of Justice, Office of Information & Privacy, Washington, DC, Joanne Susan Marchetta, U.S. Environmental Protection Agency, San Francisco, CA, for Office of the Comptroller of the Currency.

Bruce Edgar Coolidge, Wilmer, Cutler & Pickering, Washington, DC, for New York Clearing House Ass'n.

John Joseph Gill, Michael Francis Crotty, American Bankers Ass'n, Washington, DC, for Am. Bankers Assn.

*MEMORANDUM AND ORDER*

JACKSON, District Judge.

■ Plaintiff Investment Company Institute ("ICI") seeks declaratory and injunctive relief from a final ruling of the Office of the Comptroller of the Currency ("OCC") which authorized Chase Manhattan Bank ("Chase") to offer its customers a species of a

non-transferable certificate of deposit called the Market Index Investment ("MII"). The MII is a time deposit, available in denominations as low as $1000, the interest rate on which is tied to the Standard & Poors 500 Composite Index.

ICC contends that Chase's purchase and sale of stock index futures, by which it "hedges" against unfavorable fluctuations in interest rates, violates the Glass–Steagall Act's proscription of stock-trading by banks for their own accounts. Moreover, the MII investment program, it says, is a violation of Glass–Steagall's prohibition of bank involvement in "issuing," "distributing," and "selling" of securities. Finally, it maintains that the MII investment is an "unsafe and unsound banking practice" under the Financial Institutions Supervisory Act.

The MII was reviewed by the OCC, and on August 8, 1988, the Comptroller's Office issued its decision finding that the MII is a permissible banking product under the applicable statutes.

The OCC relies on a strict reading of the Glass–Steagall Act. Notwithstanding ICI's attempts to equate ownership of stock index futures to stock speculation through its analysis of the comparative risks of each investment, the OCC observes that the plain language of the Act simply does not encompass stock index futures. On the other hand, the statutory language of the National Bank Act empowers national banks "to exercise all such incidental powers as shall be necessary to carry on the business of banking [including] receiving deposits." 12 U.S.C. § 24 (Seventh).

In an analogous context the Supreme Court has most recently reconfirmed the deference to be given by the courts to a reasoned decision of the Comptroller interpreting the statutes the OCC administers. *Nationsbank v. Variable Annuity Life Ins. Co.*, — U.S. ——, 115 S.Ct. 810, 130 L.Ed.2d 740 (1995) (upholding sale of annuities by national banks). If based upon "a permissible construction" of a statute not explicitly clear as to Congress' intent to the contrary, the Comptroller's interpretation is to be given *controlling weight. Id.* at —— ——, 115 S.Ct. at 813–14. That principle obtains here,

and it is, therefore, this 23rd day of January, 1995,

ORDERED, that the motion of plaintiff Investment Company Institute for summary judgment is denied; and it is

FURTHER ORDERED, that the motion of defendant Comptroller of the Currency for summary judgment is granted, and the complaint is dismissed with prejudice.